UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NIKIA FREZA SIMMONS,

        Defendant.

\*\*\*SEALED\*\*\*\*

Case No. 22-CR-74

[18 U.S.C. §§ 152(3), 1014, and 2(a)]

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. On or about April 11, 2021, in the State and Eastern District of Wisconsin and elsewhere,

**NIKIA FREZA SIMMONS**

knowingly made false statements for the purpose of influencing the action of U.S. Bank, whose accounts were federally insured, in connection with a Paycheck Protection Program ("PPP") loan application.

2. Specifically, the defendant claimed to be the sole proprietor of a business that had been operating since October 1, 2019, that her business had gross receipts of $96,068 in 2020, and that the loan proceeds would be used for payroll costs, when in truth and in fact, as the defendant well knew, she was not the sole proprietor of any business and was not eligible to receive the PPP loan, and did not intend to use the proceeds of the loan for payroll costs.

All in violation of Title 18, United States Code, Sections 1014 and 2(a).

1

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about April 27, 2021, in the State and Eastern District of Wisconsin and elsewhere,

**NIKIA FREZA SIMMONS,**

in relation to <u>In re Nikia Freza Simmons</u>, Case No. 21-22417, a bankruptcy case under Title 11 of the United States Code, did knowingly and fraudulently make false declarations, certifications and statements under penalty of perjury, within the meaning of Title 28, United States Code, Section 1746.

2. Specifically, in answer to Part 2 of Schedule E/F, which asked whether any creditors had nonpriority unsecured claims against her, she knowingly and fraudulently omitted her Paycheck Protection Program ("PPP") loan, when in truth and in fact, as the defendant well knew, on April 13, 2021, she had received approximately $20,012, which were the proceeds of a PPP loan from U.S. Bank.

All in violation of Title 18, United States Code, Section 152(3).

2

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about June 16, 2021, in the State and Eastern District of Wisconsin,

**NIKIA FREZA SIMMONS,**

in relation to <u>In re Nikia Freza Simmons</u>, Case No. 21-22417, a bankruptcy case under Title 11 of the United States Code, did knowingly and fraudulently make false declarations, certifications and statements under penalty of perjury, within the meaning of Title 28, United States Code, Section 1746.

2. In a "Declaration Regarding Loan Proceeds Deposited into Bank Account" made under penalty of perjury and submitted to the bankruptcy trustee, she knowingly and fraudulently stated, that as reflected in her Bank of America account ending in 7463, "between April 12, 2021 and April 15, 2021, many transactions were made in Las Vegas, NV. I was not in Las Vegas during that time, and I did not make any of those charges," when in truth and in fact, as the defendant well knew, she was in Las Vegas, Nevada during the aforementioned time, and did make at least some of the charges reflected in her Bank of America account ending in 7463 between April 12 and April 15, 2021.

All in violation of Title 18, United States Code, Section 152(3).

3

# FORFEITURE NOTICE

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1014 set forth in Count One of this Indictment, the defendant, Nikia Freza Simmons, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

2. Upon conviction of one or more of the false bankruptcy declaration offenses, in violation of Title 18, United States Code, Section 152(3), set forth in this Counts Two and Three of this Indictment, the defendant, Nikia Freza Simmons, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or offenses. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense or offenses.

3. If any of the property described above, as a result of any act or omission of the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

███████████████

FOREPERSON
Dated: 4/5/2022

fr *Margaret B. H[...]*
RICHARD G. FROHLING
United States Attorney