# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

            Plaintiff,

v.

NIKIA FREZA SIMMONS,

            Defendant,

and

GLAUCOMA ASSOCIATES OF
TEXAS,

            Garnishee-Defendant.

Case No. 22-CR-74-JPS

**ORDER**

In April 2026, the United States applied for a writ of continuing garnishment as to Defendant Nikia Freza Simmons ("Defendant") in accordance with 28 U.S.C. § 3205(b)(1). ECF No. 42 ("To date, . . . Defendant has paid $4,230.72 towards the satisfaction of the judgment, leaving an outstanding balance of $18,924.28"). The Court granted that application later that month and ordered the Clerk of Court to issue a writ of continuing garnishment to Garnishee-Defendant Glaucoma Associates of Texas. ECF No. 43.

Now before the Court is Defendant's request for a hearing on the Government's April 2026 application. ECF No. 49. She asserts only that "the cost of living" in Texas, where she lives, is "so much higher," such that the amount garnished from her paychecks will "leave [her] with nothing" and

without "enough money to pay rent[] or [buy] food." *Id.* The Government opposes the motion. ECF No. 50.

The Notice of Post-Judgment Garnishment (the "Notice"), issued to Defendant on April 16, 2026, provided that if she "want[ed] a hearing, [she] must notify the Court within 20 days" of receipt of the Notice. ECF No. 42-3 at 1; ECF No. 46. Defendant's request for a hearing is dated May 18, 2026 and it was received by the Court on May 26, 2026; those dates are 32 and 40 days respectively from the date the Notice issued via first-class U.S. mail to Defendant. ECF Nos. 49 and 46. Because it is unclear when Defendant (who lives in Texas) *received* the Notice (which was sent from Wisconsin), it is possible that the request for a hearing was timely made. The Court will presume it to be timely because even if so, the Court is constrained to deny Defendant's request on separate grounds.[1]

The Court must deny Defendant's request for a hearing because 28 U.S.C. § 3202(d) "permits a hearing only on limited grounds, and financial hardship is not one of them." *United States v. Bankas*, 717 F. App'x 637, 638 (7th Cir. 2018) ("Because Bankas did not base his objection on any of the statute's listed grounds, he was not entitled to a garnishment hearing . . . ." (citing *United States v. Goyette*, 446 F. App'x 718, 720 (5th Cir. 2011))). The Notice states that a hearing would afford Defendant an opportunity to "explain to the judge why [she] believe[s] the property the government has taken is exempt," ECF No. 42-3 at 2, but Defendant does not argue that any property the Government has taken is exempt.

---

[1]The Government also does not challenge the timeliness of Defendant's motion. ECF No. 50 at 3 n.3.

Since Defendant's sole complaint regarding the garnishment is one of financial hardship, she is not entitled to a hearing. The Court will accordingly deny her request for a hearing.

Accordingly,

**IT IS ORDERED** that Defendant Nikia Freza Simmon's request for a hearing, ECF No. 49, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to Defendant Nikia Freza Simmons.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge